UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| DIAZ AVIATION CORPORATION, d/b/a Borinquen Air,<br><br>      Plaintiff,<br><br>      v.<br><br>PUERTO RICO PORTS AUTHORITY, et al.,<br><br>      Defendants. | Civil No. 3:15-cv-01774 (JAF) |

# **O R D E R**

This matter is before the court on Defendants' motions to dismiss Plaintiff's Complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  (ECF Nos. 9 and 10).  For the foregoing reasons, Defendants' motions are GRANTED.

"In evaluating a motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction, we construe [the] complaint liberally and ordinarily may consider whatever evidence has been submitted, such as ... depositions and exhibits." *Carroll v. United States*, 661 F.3d 87, 94 (1st Cir. 2011) (internal quotation marks omitted) (citation omitted).  When considering a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the court "construes the Complaint liberally and treat[s] all well-pleaded facts as true[.]" *Town of Barnstable v. O'Connor*, 786 F.3d 130, 138 (1st Cir. 2015) (internal quotation marks omitted). Plaintiff bears the burden to demonstrate that subject matter jurisdiction exists*. See CE Design Ltd. v. Am. Econ. Ins. Co.*, 755 F.3d 39, 44–45 (1st Cir. 2014).

Consistent with the above standard, the following facts pleaded in the complaint are taken as true for the purposes of the pending motions. Plaintiff Díaz Aviation Corporation d/b/a Borinquen Air ("Plaintiff") is an aviation company doing business at the Luis Muñoz Marín International Airport (the "Airport") in Carolina, Puerto Rico, since 1960. Plaintiff originally provided air carrier services, such as transportation of U.S. mail, cargo, and passengers, but recently engaged in the business of selling aviation fuels to the general public. Defendant Puerto Rico Ports Authority ("PRPA") owns the Airport and Defendant Aerostar Airport Holdings LLC ("Aerostar") is a private company which operates and manages the Airport (PRPA and Aerostar will be collectively referred to as the "Defendants"). Aerostar began the private operation of the Airport under FAA approval in February 2013. In September 2013, without permission from the FAA, Aerostar evicted Plaintiff for lack of a written contract to conduct business at the Airport.

On June 8, 2015, Plaintiff brought suit against Defendants seeking a declaratory judgment and injunctive relief. Specifically, Plaintiff requests that this court order Defendants to add language to all existing and future contracts that tracks the language found in 49 U.S.C. § 47107, the Airport and Airway Improvement Act ("AAIA"). Plaintiff's complaint is premised on Defendants' failure to comply with the AAIA. Defendants moved to dismiss the complaint for, *inter alia*, lack of subject matter jurisdiction. (ECF Nos. 9 & 10). Plaintiff asserts subject matter jurisdiction pursuant to 28 U.S.C. § 1331, Federal Question; 28 U.S.C. § 1337, the Commerce and

Antitrust Statute; 28 U.S.C. § 2201, the Declaratory Judgment Act; 49 U.S.C. §§ 101 *et seq*; the Supremacy Clause; and the Commerce Clause. (See ECF No. 1 at 1).

Where, as here, no diversity of citizenship exists between the parties, "jurisdiction turns on whether the case falls within 'federal question' jurisdiction." *Ortiz–Bonilla v. Federación de Ajedrez de Puerto Rico, Inc.*, 734 F.3d 28, 34 (1st Cir. 2013); *see* 28 U.S.C. § 1331. Federal district courts may exercise original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States[.]" 28 U.S.C. § 1331.

It is clear from the Complaint and Plaintiff's opposition to the motions to dismiss (ECF No. 11) that Plaintiff's claim in this court arises solely out of an alleged violation of the AAIA. The AAIA does not provide a private cause of action. *See New England Legal Found. v. Massachusetts Port Auth.*, 883 F.2d 157, 168 (1st Cir. 1989) (no private cause of action existed under the Airport and Airway Improvement Act of 1982, 49 U.S.C.App. § 2210, § 47101's precursor); *Northwest Airlines, Inc. v. County of Kent Mich.*, 955 F.2d 1054, 1058 (6th Cir. 1992) (interpreting § 2210- and holding that "Congress intended that there would be no private cause of action under section 2210"); *see also, E. Hampton Airport Prop. Owners Ass'n, Inc. v. Town Bd. of Town of E. Hampton*, 72 F. Supp. 2d 139, 147 (E.D.N.Y. 1999) ("in accordance with the First, Sixth, Eighth and Eleventh Circuits, the Court finds that Section 47107 does

not give rise to a private right of action.").[1]  This court cannot create a private cause of action where Congress has not.  *Alexander v. Sandoval*, 532 U.S. 275, 286 (2001).  Accordingly, this court does not have subject matter jurisdiction under the AAIA.

Plaintiff also asserted jurisdiction under the Commerce and Antitrust Statute, 28 U.S.C. § 1337, the Declaratory Judgment Act, 28 U.S.C. § 2201, the Supremacy Clause, and the Commerce Clause of the Constitution. (ECF No. 1 at 1).  Plaintiff has not only failed to demonstrate jurisdiction under any of its other pleaded alternatives, but Plaintiff has also failed to offer any legal argument under any of these alternative

---

[1] *See also*, *Friends of the E. Hampton Airport, Inc. v. Town of E. Hampton*, No. 15-CV-2246 JS ARL, 2015 WL 3936346, at *8 (E.D.N.Y. June 26, 2015):
> "That ANCA and the AAIA do not create private rights of action is beyond dispute. Courts have uniformly held that private parties have no right to sue in federal court to enforce the provisions of ANCA or the AAIA. *See, e.g., McCasland v. City of Castroville*, 514 F. App'x 446, 448 (5th Cir.2013) ("As several circuit courts have held, and as Plaintiffs appear to concede, 49 U.S.C. § 47107 and its predecessor statute do not create a private right of action for parties aggrieved by alleged discrimination*.*"); *W. Air Lines, Inc. v. Port Auth. of N.Y. & N.J.*, 817 F.2d 222, 225 & n. 4 (2d Cir. 1987) (holding that 49 U.S.C. § 2210(a), the previous codification of Section 47107(a), did not create an private right of action); *Northwest Airlines, Inc. v. Kent, Mich.*, 955 F.2d 1054, 1058–59 (6th Cir.1992) (same); *L–3 Commc'ns Integrated Sys., L.P. v. City of Greenville*, No. 11–CV–2294, 2012 WL 3941766, at *2 (N.D.Tex. Sept. 5, 2012) ("The AAIA regulations do not provide for a private right of action and therefore cannot serve as an independent basis for jurisdiction."); *Horta, LLC v. City of San Jose*, No. 02–CV–4086, 2008 WL 4067441, at *4 (N.D.Cal. Aug. 28, 2008) (suggesting that "Congress did not intend to create a private right of action for ANCA violations" because "ANCA contains its own enforcement mechanism, to be administered by the Secretary of Transportation"); *Airborne Tactical Advantage Co., LLC v. Peninsula Airport Comm'n*, No. 05–CV–0166, 2006 WL 753016, at *1 (E.D. Va. Mar. 21, 2006) ("Courts interpreting § 47107 have uniformly held that airport users have no right to bring an action in federal court claiming a recipient airport's violation of the § 47107 grant assurances ...."); *Tutor v. City of Hailey*, No. 02–CV–0475, 2004 WL 344437, at *8 (D.Idaho Jan. 20, 2004) ("[N]o implied private right of action exists under ANCA."); *E. Hampton Airport Prop. Owners Ass'n, Inc. v. Town Bd. of Town of E. Hampton*, 72 F.Supp.2d 139, 147 (E.D.N.Y.1999) ("Section 47107 [of the AAIA] does not give rise to a private right of action."

theories. Accordingly, Plaintiff has wholly failed to demonstrate any basis for this court to exercise subject matter jurisdiction.

Accordingly, Defendants' motions to dismiss (ECF Nos. 9 and 10) are GRANTED. This matter is dismissed. Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 29th day of October, 2015.

S/José Antonio Fusté
JOSE ANTONIO FUSTE
U. S. DISTRICT JUDGE